STATE of Wisconsin, Plaintiff-Respondent,

v.

Todd D. FRAMBS, Defendant-Appellant.

Court of Appeals

*No. 89-2409-CR. Submitted on briefs June 5, 1990.—Decided August 14, 1990.*

(Also reported in 460 N.W.2d 811.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *V. Alan Johnson* of Manitowoc.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Michael R. Klos,* assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Todd Frambs appeals a judgment of conviction on charges of robbery and recklessly endangering another's safety. He contends that the trial court erroneously excluded testimony of an unavailable witness on the grounds that the witness's absence was due to Frambs' wrongdoing. Frambs argues that in determining the admissibility of the hearsay testimony under sec. 901.04, Stats., the trial court based its ruling on other hearsay testimony for which there is no exception in the evidentiary rules permitting the use of such evidence. We hold that reliance on these statements was within the trial court's discretion and affirm the judgment.

On the night of November 18, 1988, Frambs was out drinking with Clifford Greiner. They split up while walking home shortly before reaching Greiner's residence. As Greiner was entering his apartment building, he was struck from behind, beaten and robbed.

At trial, Larry Kruse testified that he saw Frambs beating Greiner who was lying on the ground. Kruse told Frambs to stop and Frambs, after kicking Greiner a final time, complied. Kruse and Frambs then carried Greiner upstairs and laid him on the kitchen floor of his apart-

ment. Kruse and Charles Seegert, who had also been watching the beating, then left for Seegert's downstairs apartment. Frambs joined them about ten minutes later. Kruse also testified that Frambs had stolen money and other items from Greiner's apartment and wallet.

Greiner was knocked unconscious and did not see his assailant. He also did not report the crime to the police. Police became aware of the Greiner assault when a witness came forward and reported seeing Frambs and Kruse with blood on their clothing on the night in question. On different dates, in response to police questioning, Seegert gave both an exculpatory statement implicating someone other than Frambs in the assault and robbery of Greiner and a later incriminating statement implicating Frambs. According to Officer Michael Zettel of the Green Bay Police Department, after Seegert made his incriminating statement, he stated, "I just signed my own death warrant by giving you this statement" and that "I am as good as dead." Seegert further stated that Frambs had said "if anybody opens their mouth about this thing they will pay for it." He told the officer that he would never live to testify at the trial and might as well get out of town before Frambs and his friends got him.

Seegert was also interviewed by Brown County Assistant District Attorney Lawrence Lasee who testified that Seegert had told him that Frambs had threatened to kill him shortly after the assault on Greiner and that he was extremely fearful for his safety. Seegert had also mentioned that he believed Frambs had previously been involved in intimidation of witnesses. Frambs was in jail on unrelated charges at the time of Seegert's statements.

Seegert left town shortly after giving these statements. He was tracked to Elgin, Illinois, and Reno, Nevada, but no one was able to locate him. At trial,

702

Frambs sought to admit Seegert's exculpatory statement to support Frambs' theory that Kruse and Seegert had beaten and robbed Greiner and then wrongfully implicated Frambs. The state moved to bar these hearsay statements because Seegert was not an unavailable witness under sec. 908.04(2), Stats. That section provides: "A declarant is not unavailable as a witness if his exemption, refusal, claim of lack of memory, inability, or absence is due to the procurement or wrongdoing of the proponent of his statement for the purpose of preventing the witness from attending or testifying."

A motion hearing was held on whether Seegert's hearsay statements would be admissible at trial. Lasee and Zellet testified as to Seegert's conversations with them. Frambs testified that he had never threatened Seegert, although he admitted to threatening another potential witness. The trial court found that, by a preponderance of the evidence, Frambs' misconduct had caused Seegert's unavailability and held that therefore Frambs could not offer any of Seegert's alleged hearsay statements into evidence. Frambs was subsequently convicted of robbery and recklessly endangering another's safety and appeals from his judgment of conviction.

Frambs' initial argument is that hearsay testimony must bear some "indicia of reliability," relying on *Ohio v. Roberts,* 448 U.S. 56, 66 (1980). Frambs argues that the *Roberts* standard applies not only to the evidence proffered at trial, but also to that produced at the motion hearing on the admission of the hearsay testimony. We hold that *Roberts* was inapplicable to the pretrial motion hearing in this case.

Section 901.04(1), Stats., provides: "Preliminary questions concerning . . . the admissibility of evidence shall be determined by the judge, subject to sub. (2) and ss. 971.31(11) and 972.11(2). *In making the determina-*

*tion the judge is bound by the rules of evidence only with respect to privileges."* (Emphasis added.)

The trial court is not statutorily bound to apply the hearsay rule at this preliminary proceeding. The question is whether *Roberts* grafts additional constitutional requirements onto the plain language of the statute.

The *Roberts* restriction on the admissibility of hearsay testimony is based on an accused's right embodied in the sixth amendment to the United States Constitution to confront the witnesses against him. As the *Roberts* Court stated, "[this] Court has emphasized that the Confrontation Clause reflects a preference for face-to-face confrontation *at trial,* and that 'a primary interest secured by [the provision] is the right of cross-examination.' *Id.* at 63 (emphasis added). The Court continued, "[i]n sum, when a hearsay declarant is not present for cross-examination *at trial,* the Confrontation Clause normally requires a showing that he is unavailable. Even then, this statement is admissible only if it bears adequate 'indicia of reliability.' *Id.* at 66 (emphasis added). We see no evidence that the Supreme Court intended the protection of the confrontation clause to be available to a defendant in those pretrial situations enumerated in sec. 901.04(1), Stats.

Our reading is supported by other federal case law. Section 901.04(1), Stats., is modeled after Fed. R. Evid. 104(a) and the language of each is virtually identical. Frambs is unable to direct us to any cases holding that the confrontation clause is applicable in pretrial motion hearings concerning the admissibility of evidence. The state, in contrast, cites both *United States v. Balano,* 618 F.2d 624 (10th Cir. 1979), and *United States v. Carlson,* 547 F.2d 1346 (8th Cir. 1977), as cases involving similar fact situations in which the court did not find

it necessary to address sixth amendment issues. These cases, the language of sec. 901.04(1) and Fed. R. Evid. 104(a) and the Supreme Court's pronouncements in *Roberts* make it apparent that Frambs had no confrontation clause rights as to hearsay declarants at this motion hearing, and the trial court, at its discretion, could rely on hearsay testimony in making its ruling. As such, there was no error in the trial court basing its ruling, in part, on Lasee and Zettel's hearsay testimony.

Frambs also contends that the trial court should have applied a "clear and convincing" burden of proof to the state in its effort to show Seegert's unavailability was due to Frambs' misconduct. We disagree.

Again, there is no Wisconsin precedent directly on point. The most recent United States Supreme Court case interpreting Fed. R. Evid. 104(a) holds that a "preponderance of the evidence" test applies:

> We are therefore guided by our prior decisions regarding admissibility determinations that hinge on preliminary factual questions. We have traditionally required that these matters be established by a preponderance of proof. Evidence is placed before the jury when it satisfies the technical requirements of the evidentiary Rules, which embody certain legal and policy determinations. The inquiry made by a court concerned with these matters is not whether the proponent of the evidence wins or loses his case on the merits, but whether the evidentiary Rules have been satisfied.

*Bourjaily v. United States,* 107 S. Ct. 2775, 2778–79 (1987). Although *Bourjaily* involved hearsay objections to coconspirator's statements and did not involve waiver of sixth amendment rights by misconduct, its reasoning comports with other federal cases that are more similar

705

on their facts. *See, e.g., United States v. Mastrangelo,* 693 F.2d 269, 273 (2d Cir. 1982); *Bolano,* 618 F.2d at 626–27.[1]

We agree with the reasoning expressed by the second circuit in *Mastrangelo:*

> Since the right of confrontation is closely related to the reliability of testimonial evidence, the clear and convincing test may well apply to issues of admissibility arising under it. However, waiver by misconduct is an issue distinct from the underlying right of confrontation and not necessarily governed by the same rules concerning burden of proof. We see no reason to impose upon the government more than the usual burden of proof by a preponderance of the evidence where waiver by misconduct is concerned. Such a claim of waiver is not one which is either unusually subject to deception or disfavored by the law. To the contrary, such misconduct is invariably accompanied by tangible evidence such as the disappearance of the defendant, disruption in the courtroom or the murder of a key witness, and there is hardly any reason to apply a burden of proof which might encourage behavior which strikes at the heart of the system of justice itself.

*Id.* at 273 (citation omitted). The trial court found that the state had proven that Seegert's absence was due to Frambs' misconduct. Since the preponderance of the evidence standard was the correct standard to apply, and

---

[1]*But cf. United States v. Thevis,* 665 F.2d 616, 631 (5th Cir. 1982) (similar situation requires proof of sixth amendment waiver by "clear and convincing" evidence standard). However, following *Bourjaily,* the holding in *Thevis* seems tenuous at best.

because the evidence adduced met this standard, we affirm the trial court.

*By the Court.*—Judgment affirmed.